UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


iCare, LLC,                                            Case No. 17-cv-1586

        Plaintiff

    v.                                                 MEMORANDUM OPINION

DCO Environmental and Recycling, LLC,

        Defendant

I.       INTRODUCTION

Before me is BTR Industries, LLC's ("BTR") and Wayne Goshen Properties, LLC's ("WGP") motion to intervene as Third-Party Plaintiffs. (Doc. No. 41). Defendant DCO Environmental and Recycling, LLC ("DCO") opposed the motion (Doc. No. 44), to which BTR and WGP replied. (Doc. No. 46). In response, DCO filed a sur-reply. (Doc. No. 50). Though four other parties to this action responded to the motion to intervene (Doc. Nos. 44, 52), the jurisdictional issue presented by DCO is dispositive and the merits of intervention need not be discussed at this time.

II.      BACKGROUND

In September 2015, Plaintiff iCare, LLC ("iCare") was formed by Defendant DCO and proposed Intervenor BTR, each owning equal shares of iCare. (Doc. No. 41 at 2; Doc. No. 44 at 2). Less than a year later in June 2016, BTR sold its fifty-percent interest in iCare to Third-Party Defendant BBS Industries, LLC. (Doc. No. 41 at 2; Doc. No. 44 at 2). iCare continued to operate as it had previously on land owned by WGP. (Doc. No. 41 at 2; Doc. No. 44 at 9).

During the time BTR was partial owner of iCare, BTR signed as a borrower on two Commercial Loan Agreements for iCare financed through party to this action: The First Citizens

National Bank ("FCNB"). (Doc. No. 41-2; Doc. No. 41-3). WGP signed as a borrower on one of these loans. (Doc. No. 41-3). Each of the two loans also listed iCare, Brett Cummings, and Todd Fetter as borrowers. (Doc. No. 41-2; Doc. No. 41-3).

Although BTR sold its interest in iCare to BBS in June 2016, it remains listed as a borrower on the loans. Based on BTR's allegation that BBS and Brent Schulze failed to comply with the terms of the Purchase Agreement for the June 2016 sale, including making payments on the two loans, BTR filed suit in the Allen County, Ohio Court of Common Pleas. *See BTR Industries LLC v. Schulze*, Case No. CV 2018 0078 (Allen Cnty. Ct. Common Pleas Feb. 7, 2018). Through the suit, BTR hopes to rescind the Purchase Agreement and regain its former interest in iCare.

Based upon BTR's claim of partial ownership in iCare over BBS, and both BTR and WGP's status as borrowers on two of iCare's outstanding loans, BTR and WGP seek to intervene in this action. In the proposed complaint accompanying the motion to intervene, BTR and WGP allege three claims. (Doc. No. 42-1). The first seeks an injunction on behalf of iCare, BTR, and WGP, as signatories on the two FCNB loans, to prevent any insurance proceeds from being distributed to DCO, BBS, Schulze, or FCNB. (Doc. No. 42-1 at 7-8). The second, filed on behalf of iCare through BTR, requests declaratory judgment that the damaged property is owned by iCare, not DCO, BBS, or Schulze. (Doc. No. 42-1 at 8). And the final claim, also filed on behalf of iCare through BTR, alleges Schulze, as director of iCare, breached his fiduciary duty owed to iCare. (Doc. No. 42-1 at 9).

III. STANDARD

Federal Rule of Civil Procedure 24 provides for intervention of a party into an existing principal action. But before considering the merits of intervention, the district court must first have jurisdiction over the claims. *See* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts."). When the principal action is one of diversity jurisdiction, a district court may not exercise supplemental jurisdiction "over claims by persons … seeking to

2

intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). Section 1332 requires diversity of citizenship. 28 U.S.C. § 1332.

IV. DISCUSSION

Because the principal action here is one of diversity jurisdiction, I may only exercise supplemental jurisdiction over BTR and WGP's claims if there is diversity of citizenship. *See* 28 U.S.C. §§ 1332, 1367(b).[1] That is not the case. BTR and WGP are both citizens of Ohio. (Doc. No. 42-1 at 4). BBS and Schulze are also citizens of Ohio. (Doc. No. 42-1 at 4). Allowing BTR and WGP to intervene as plaintiffs to file claims against fellow Ohio citizens BBS and Schulze would be inconsistent with the diversity of citizenship requirement of Section 1332. Therefore, as a matter of law, BTR and WGP may not intervene to present the proposed claims.

V. CONCLUSION

For the foregoing reason, BTR and WGP's motion to intervene is denied as a matter of law due to lack of subject matter jurisdiction. (Doc. No. 41). Accordingly, BTR and WGP's motion for protective order is denied as moot. (Doc. No. 47).

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge

---

[1] BTR and WGP argue that they may intervene regardless of diversity of citizenship, but that is not the current state of the law. Prior to 1990, "courts, in considering an application for intervention by one whose joinder would defeat diversity or otherwise destroy jurisdiction, examined the intervenor's relation to the action and allowed intervention only if the intervenor otherwise met the tests of Rule 24(a)(2) [to intervene as a matter of right] and was not an indispensable party to the original action." 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1917 (3d ed. April 2017). But when 28 U.S.C. § 1367 was amended in 1990, the option to exercise ancillary jurisdiction in this manner was eliminated. *Id.* Instead, the district court may only exercise supplemental jurisdiction over claims of an intervenor when diversity jurisdiction requirements are met, as provided in 28 U.S.C. § 1367(b). *Id.*

    One case which was decided after 1990 to which BTR and WGP cite is *Aurora Loan Services, Inc. v. Craddieth*, 442 F.3d 1018 (7th Cir. 2006). In *Aurora Loan Services*, the Seventh Circuit carved a narrow, fact-sensitive exception to the general rule requiring complete diversity to be maintained. 442 F.3d at 1024-26. The Sixth Circuit has not adopted this exception. In the argument against requiring diversity of citizenship, rather than stating facts as to why the exception should apply, BTR and WGP assert the exception outlined in *Aurora Loans Services* to be the general rule. Because there is nothing to suggest BTR or WGP fall within the exception, I decline to adopt this rare and narrow exception.